· NO. 8372

COURT OF APPEAL.

PARISH OF ORLEANS

————

HIBERNIA BANK & TRUST COMPANY

VERSUS

J. NORMAN MITCHELL.

————

————

Court of Appeal,
PARISH OF ORLEANS

FILED 4/30/22

Dinkelspiel; J.

The sole question presented in this case is the value of the fee of Bernard Titche, Esquire, who was appointed to represent the absent defendant in this case. The amount allowed him by the Judge of the Court a quo was the sum of $250.00, and in order to determine whether this fee was reasonable or not, we refer to the record in this case, which shows that plaintiff sued the defendant on various bills of exchange, all amounting to the sum of $53,468.68. That defendant was a non-resident of the State of Louisiana, having property therein, and plaintiff prayed that an attorney to represent him be appointed, which order was issued and Mr. Titche was appointed as such attorney.

The services rendered by this gentleman are best described by his testimony in this case and we quote it in its entirety.

"I desire to testify that immediately after my appointment, this suit being on bills of exchange dated SanDiago, Cuba, I addressed a letter to the defendant in San Diago, Cuba, informing him fully of the case and at the same time I applied to the plaintiff's attorney to get the exact address of the plaintiff, and learning from them that he was domiciled in Brooklyn, New York, I addressed a second communication to him there, and in answer I received a letter and a telegram from him acknowledging the receipt. I sent him a telegram also acknowledging receipt of my telegram and told him of the limited time he had to reply. A few days after he came to my office and told me that he had settled the matter with the Hibernia Bank; the claim was $55,000.00 and they realized $5500.00, and I have asked to have my fee taxed at $250.00, which I think is reasonable."

The record shows in addition to this, that Mr. Walter Gleason, a practicing lawyer at the bar, after hearing the statement of Mr. Titche testified that he considered $250.00 charge a very reasonable one.

795

We have already stated what the judgment of the Court was..

Counsel cites two cases in his brief. One Bowie vs. Davis, 33 An. p. 345, wherein the Court allowed the sum of $1500.00 for attorney's fees, the record shows that Mr. Farrar, who was the attorney in that case, had been the attorney of the party in question for a long time, had handled a great deal of litigation for it, had received a fee of $2000.00 for work outside, and not included in the matter in controversy.

The other case, Watts vs. Williams, 107 La. 506, construes revised statutes, Act 108 of 1857, decided as the statute reads, it was in the discretion of the Court to allow the fee in question but does not give in the decision the amount of the fee.

We find that the only service rendered by the able counsel in this case, was receiving the citation, writing of two letters to the defendant, a visit by the defendant to his office, simply stating that he had received the letters and that he had settled the matter for $5500.00.

Under these circumstances as disclosed by this record, we think a fee of $100.00 will compensate the attorney for the services rendered.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby amended, and reducing the fee of Mr. Titche from $250.00 to $100.00, and that plaintiffs/pay costs of both Courts.
the Hibernia Bank & Trust Company

-Judgment amended and affirmed-